UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NAVARRO,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF ALAMEDA, et al.,<br><br>             Defendants. | Case No. 14-cv-01954-JD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

       This is a state court action that was removed to this Court. Plaintiff Jeffrey Navarro, through his guardian ad litem, brings suit against the City of Alameda and Patrick Wyeth, a City of Alameda police officer. Mr. Navarro, a 42-year old mentally and physically disabled individual, claims that he was violently beaten by Mr. Wyeth in July 2012.

       Plaintiff's second amended complaint (which is the operative complaint) asserts nine causes of action, but the pending motion to dismiss seeks dismissal only of the eighth cause of action for violation of the California Unruh Act and the ninth cause of action for violation of the California Disabled Persons Act. Dkt. No. 11. Both of these claims now plead that the alleged violence was committed "on account of [Mr. Navarro's] mental and physical disabilities" and that "as a known disabled individual," plaintiff "was not provided reasonable accommodations." Dkt. No. 10-5 ¶¶ 74, 79.

      Defendants seek dismissal of these two claims on the same basis: plaintiff allegedly failed to comply with the claims presentation requirements of the California Tort Claims Act. The Court grants the motion.

**GOVERNING STANDARD**

Defendants' motion to dismiss is brought pursuant to FRCP Rule 12(b)(6). Dismissal under that rule "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 19990). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possible be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks omitted).

**DISCUSSION**

Defendants argue that plaintiff's eighth and ninth causes of action must be dismissed because plaintiff has failed to comply with the California Tort Claims Act. Defendants assert, and plaintiff does not dispute, that "[b]efore suing a public entity, a plaintiff must present a timely written claim for damages to the entity." Dkt. No. 11 at 4 (citing Cal. Gov. Code §§ 945.4, 911.2). Failure to comply with this requirement precludes any civil action against a public entity. California Government Code Section 911.2 requires that "[a] claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."

Defendants' motion to dismiss principally takes issue with the fact that plaintiff's second amended complaint "contains new state law causes of action for disability discrimination and failure to accommodate," even though the original notice of claim letter sent by plaintiff to the City of Alameda on September 24, 2012 "did not mention <u>any</u> facts regarding his disability, or any facts that he was discriminated against because of that disability and denied a reasonable accommodation." Dkt. No. 11 at 6 (emphasis in original).

Defendants have requested that the Court take judicial notice of three documents -- plaintiff's September 24, 2012 letter to the City of Alameda providing notice of his tort claim under California Government Code § 911.2; plaintiff's February 18, 2014 letter to the City of

Alameda submitting an "amendment to his tort claim originally submitted on September 25, 2012"; and the City of Alameda's February 25, 2014 letter informing plaintiff's counsel that the claim presented on February 19, 2014 "is being returned because it was not presented within six (6) months after the event or occurrence as required by law." *See* Dkt. No. 12, Exs. A-C. Defendants state that these are "official public records." Dkt. No. 12 at 2. Plaintiff does not disagree or otherwise object, and the Court takes judicial notice of these documents.

The Court finds that the initial letter sent by plaintiff's counsel to the City of Alameda on September 24, 2012 says only the following regarding the substance of Mr. Navarro's claim: "On July 27, 2012, Mr. Navarro sustained serious physical injuries while being detained by Alameda Police Department officers at the Verizon Wireless Store on Blanding Avenue in Alameda. As a result of the excessive force used by Alameda Police Department officers, Mr. Navarro injured his shoulder and fractured his right write and left elbow." Dkt. No. 12, Ex. A. There is no mention at all of the fact that Mr. Navarro is disabled, not even in passing.

Plaintiff nevertheless tries to overcome this deficiency in four ways, none of which is availing. First, plaintiff claims that he has "substantially complied" with the Tort Claims Act, relying on *Santee v. Santa Clara County Office of Education*, 220 Cal. App. 3d 702, 713 (1990). But while that case acknowledges the existence of the substantial compliance doctrine, it does not lend any support for concluding that plaintiff has substantially complied here.

The more useful case is *Fall River Joint Unified School District v. Superior Court*, 206 Cal. App. 3d 431, 434 (1988). There, the court found the substantial compliance exception did not apply where the initial claim described an accident on a high school campus wherein "the door was in a dangerous and defective condition for several reasons, including, but not limited to the fact, the door closed with excessive force." *Id*. at 434. Approximately eight months later, plaintiff, "for the first time at any stage of the proceedings, premised a right to recover damages on the theory that school district personnel negligently failed to supervise students who were engaged in 'dangerous horse-play,' and that in the course of this play plaintiff fell in such a way that his head was caught between the door and the doorjamb." *Id*. With respect to this new claim, the court concluded that "defendant was given no warning that it might be sued for its employee's

3

failure to supervise plaintiff and his fellow students, and had no opportunity to consider the validity of such a claim until the filing of the amended complaint." *Id*. at 436.  Accordingly, the court concluded that "plaintiff did not even rise to the level of minimal, much less substantial, compliance with the claim filing prerequisites." *Id*.  The same conclusion applies here, where plaintiff's initial letter made no reference at all to the fact that plaintiff is a disabled individual, much less provide notice that plaintiff would be asserting a theory of liability that was premised on the government's alleged failure to accommodate such disabilities.

Plaintiff's remaining arguments are weaker.  Plaintiff claims that he submitted an amendment before "final action [was] taken by the board" under Government Code Section 910.6(a), because no final action was taken here.  But the Court finds that defendants have the better of this argument -- plaintiff had until November 9, 2012 (when his claim was deemed rejected by operation of law, *i.e.*, a "final action") or January 24, 2013 (six months from accrual of his claim), whichever was later.

Plaintiff also argues that defendants have waived an untimeliness defense under Government Code Section 911.3(b) because of their failure to substantially adhere to the notice requirement of Government Code Section 911.3(a).  But not only has plaintiff failed to cite any cases on this point, the Court finds that defendants did substantially adhere to the requirements of Section 911.3(a).  Defendants gave plaintiff proper notice of the defects in this claim; they advised him that the claim was late and that any application to present a late claim would be futile.

Finally, plaintiff argues that defendants have not suffered any prejudice, but plaintiff again fails to cite any cases that say this is even a relevant consideration when the Tort Claims Act has not been complied with.  It is beyond dispute that compliance with the Tort Claims Act is a jurisdictional prerequisite.

## CONCLUSION

For the reasons above, the Court concludes that plaintiff has not complied with the Tort Claims Act with respect to the eighth and ninth causes of action in his second amended complaint. "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Pacific Tel. & Tel. Co. v. County of Riverside*, 106 Cal. App. 3d 183, 188 (1980).

1  Consequently, the Court grants defendants' motion to dismiss the eighth and ninth causes of
2  action.  Because the basis of the Court's reasoning does not provide any avenue for the plaintiff to
3  cure the deficiency, the dismissal is with prejudice.

4  **IT IS SO ORDERED.**

5  Dated:  September 22, 2014

_____
JAMES DONATO
United States District Judge