UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NAVARRO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 14-cv-01954-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION TO APPROVE COMPROMISE**<br><br>Re: Dkt. No. 69 |

Plaintiff Jeffrey Navarro is a mentally and physically disabled individual who claims that he was violently beaten by a City of Alameda police officer. Dkt. No. 10-5. His complaint seeks relief for various state law tort claims, as well as for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12132. *Id.*

This action was initially filed in state court by and through Mr. Navarro's guardian ad litem, Perlita Navarro, who is his sister. After defendants removed the action to federal court in April 2014, the Court on defendants' motion dismissed two of plaintiff's nine causes of action with prejudice. Dkt. Nos. 1, 23. Subsequently, while defendants' summary judgment motion and plaintiff's motion for leave to further amend his complaint were pending, the parties jointly reported that they had reached a settlement of the case. Dkt. No. 67. Now before the Court is plaintiff's unopposed motion to approve the compromise. Dkt. No. 69. The Court grants in part and denies in part the motion.

The Court analyzes the present motion against the background of Federal Rule of Civil Procedure 17(c), which provides that a district court "must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Here, because the case was removed rather than originally filed in the federal district court, the case came to the Court through plaintiff's guardian ad litem without need for the Court

to make an appointment under that rule. (The parties have explained that it was the Alameda County Superior Court that appointed Mr. Navarro's sister as his guardian ad litem. Dkt. No. 78.) Also, of the two categories of persons that Rule 17(c) applies to, minors and incompetent persons, this case obviously involves the latter and not the former.

Nevertheless, the language of Rule 17(c) suggests, and the parties agree, that the case law developed under that rule applies to this case. *See* Dkt. No. 78. Most importantly, the Court has a "special duty" in the context of proposed settlements like these to "conduct its own inquiry to determine whether the settlement serves the best interest of" the plaintiff. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In making that inquiry, the Court "must independently investigate and evaluate any compromise or settlement of a minor's [or incompetent person's] claims to assure itself that the minor's [or incompetent person's] interests are protected, even if the settlement has been recommended or negotiated by the minor's [or incompetent person's] parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

In *Robidoux*, our Circuit explained the outer boundaries of the scope of review the district court is to undertake in situations like these: the court is to "focus[] on the net recovery of the minor [or incompetent] plaintiffs under the proposed agreement," taking care to "limit the scope of [its] review to the question whether the net amount distributed to each minor [and incompetent] plaintiff in the settlement is fair and reasonable . . . ." 638 F.3d at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor [or incompetent] plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel -- whose interests the district court has no special duty to safeguard." *Id*.

Here, plaintiff's motion, unopposed though it may be, goes far beyond the scope of review set out in *Robidoux*. The settlement agreement in this case provides for a payment of $450,000 to plaintiff, with payments to be issued in four checks by the City of Alameda as follows: (1) payment in the amount of $228,780.18 for plaintiff; (2) payment in the amount of $17,714.91 to MediCare in satisfaction of a lien held by MediCare against plaintiff; (3) payment in the amount of $23,504.91 to MediCal in satisfaction of its lien against plaintiff; and (4) payment in the

amount of $180,000 for plaintiff's attorneys' fees and costs. Dkt. No. 71 (Settlement Agreement) at 3. But rather than asking the Court simply to approve this settlement agreement as it was entered into by the parties, plaintiff's motion goes much further, asking the Court to establish and dictate in great detail the terms of a special needs trust for plaintiff and to implicitly bless plaintiff's plan for disbursing the $180,000 in attorneys' fees and costs. Dkt. Nos. 69, 70.

The Court declines to go beyond the scope of review delineated by our Circuit in *Robidoux*, 638 F.3d 1177. The Court appreciates, however, that the request to establish a special needs trust for plaintiff is motivated on the part of his counsel and guardian ad litem by a desire to protect against plaintiff's particular vulnerabilities that may lead to the misuse of the funds he ultimately receives as a recovery in this case. This Court declines to perform those probate functions itself, and expresses no views as to whether that would even be within the Court's jurisdiction. Plaintiff's counsel represented at the hearing on this motion that they would pursue the appropriate protections in a California state probate court instead. The Court will therefore make the implementation of those protections a condition of final approval for the disbursement of settlement funds.

Accordingly, having considered the papers filed in support of plaintiff's motion and the arguments made at the hearing on the motion, the Court orders as follows:

1. The Court approves the "settlement as proposed by the parties," *Robidoux*, 638 F.3d at 1182, as that settlement is encapsulated in the parties' Settlement Agreement and Full and Final Release of All Claims ("Settlement Agreement"), Dkt. No. 71, except as modified by this order.

2. The Court specifically approves the amounts of $228,780.18 to plaintiff, $17,714.91 to MediCare on plaintiff's behalf and $23,504.91 to MediCal on plaintiff's behalf as "fair and reasonable, in light of the facts of the case, [plaintiff's] specific claim[s], and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. The Court finds, however, that amounts that are any smaller would not be fair and reasonable, and as such, any further attorney's fees and costs -- whether in connection with efforts to set up a special needs trust in a state probate court or to finalize this settlement in this Court -- must come out of the $180,000 that has already been

1  allocated to plaintiff's counsel for attorney's fees and costs under the Settlement Agreement. In

2  no event may any further attorney's fees or costs that are directly related to this action come out of

3  the $228,780.18 that is due to the plaintiff under the Settlement Agreement.

4      3.    The Court authorizes the City of Alameda to disburse checks to MediCare and

5  MediCal on plaintiff's behalf in the amounts and manner set forth in the Settlement Agreement as

6  promptly as practicable.

7      4.    For the $228,780.18 that is due to plaintiff, the Court directs the City of Alameda to

8  deposit that amount into an interest-bearing account that is to be held separately for plaintiff's

9  benefit as promptly as practicable. The amount shall in no event be paid to plaintiff, plaintiff's

10  guardian ad litem, to plaintiff's attorneys or anyone else pending further order of the Court. To be

11  clear, it is the Court's order that Mr. Navarro himself may not have any access to these funds

12  pending further order of the Court.

13      5.    The City of Alameda is further authorized to make the $180,000 payment for

14  plaintiff's attorneys' fees and costs in the manner provided by the Settlement Agreement.

15      6.    The Court denies plaintiff's request to establish a special needs trust as detailed in

16  his motion and proposed order. Dkt. Nos. 69, 75. Plaintiff's counsel are directed to make and

17  diligently pursue that request with a state probate court instead.

18      7.    The Court sets a status conference for November 18, 2015, at 1:30 p.m., with

19  periodic joint status reports due on September 14, 2015, and November 2, 2015.

20      8.    Because the agreed consideration for the settlement of this matter has not been

21  delivered over and cannot be delivered over until a later point in time, the Court lifts its previous

22  order conditionally dismissing this case. Dkt. No. 68. The case is ordered re-opened and it will

23  remain so until further order of the Court.

**IT IS SO ORDERED.**

Dated: July 15, 2015

_____
JAMES DONATO
United States District Judge